UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY E. LOVE,<br><br>      Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY, a political subdivision of the State of Idaho; STANLEY MORTENSON, individually, and in his official capacity as duly elected prosecutor of Kootenai County; CHELSEY A. TORGERSON, individually, and in her official capacity as deputy prosector of Kootenai County; JOSH BOYD, individually; BOB NORRIS, in his official capacity as the duly elected Sheriff of Kootenai County; and THE UNITED STATES OF AMERICA.<br><br>      Defendants. | Case No. 2:25-cv-00555-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Zachary E. Love's Motion to Remand (Dkt. 9); Defendants Kootenai County, Stanley Mortenson, Chelsey A. Torgerson, and Robert Norris's (collectively "Kootenai County Defendants") Motion to Dismiss for insufficient service of process; Defendant Josh Boyd's Motion to Dismiss for insufficient service of process; and the United States of America's Motion to Dismiss for lack of jurisdiction and for insufficient service of process. For the reasons discussed below, the Court denies Love's motion to remand and grants Kootenai County and Boyd's motions to dismiss for insufficient service of process. Further, the Court declines supplemental jurisdiction, under 28 U.S.C. § 1367(c)(3), dismissing all remaining state claims.

**MEMORANDUM DECISION AND ORDER – 1**

## I.    BACKGROUND

On February 9, 2024, Josh Boyd, an officer with the Coeur d'Alene Tribal Police (Dkt. 1, Attach. 2 at 3; Dkt. 28 at 2) and cross-deputized with Kootenai County (*id.* at 3), initiated a traffic stop within Coeur d'Alene tribal boundaries (Dkt. 35 Attach. 3 ¶ 9). Zachary E. Love was a passenger in this vehicle (Dkt. 1, Attach. 2 at 4:9). An altercation occurred (*id.*), the facts of which are disputed. The exact events of this altercation are ultimately irrelevant to the procedural matters at hand. Love alleges that Boyd grabbed his arm through the passenger window (*id.*), and that Boyd pointed a taser at him (*id.* at 10:16).

Love was charged with four offenses, three of which were later dropped (Dkt. 26 at 2). As a result of his altercation with Boyd, and the resulting legal process, Love filed suit in the Idaho District Court for Kootenai County (Dkt 1, Attach. 1). Love alleges claims of battery, conversion, and unreasonable search and seizure against Boyd (Dkt. 1, Attach. 2 at 4-5); prosecutorial misconduct and malicious prosecution against Mortenson, Torgerson, and Kootenai County (*id.* at 5-9); abuse of legal process against Mortenson and Torgerson (*id.* at 9-10); and intentional infliction of emotional distress against Boyd and Kootenai County and Sherriff Robert Norris, in his official capacity (*id.* at 10).

Love's complaint asserts claims under both the Fourth Amendment to the U.S. Constitution and Article 1, Section 17 of the Idaho Constitution for the claim of unreasonable search and seizure (*id.* at 5). On September 29, 2025, the Kootenai County Defendants removed the case to this Court under 28 U.S.C. § 1331, asserting federal question jurisdiction based on Love's Fourth Amendment claim (Dkt. 1). On October 1, Boyd consented to removal (Dkt. 5). On October 14, Love moved to remand (Dkt. 9), arguing that the unreasonable search and seizure cause of action was meant to be only a state claim under the Idaho Constitution and that the case involves no

**MEMORANDUM DECISION AND ORDER – 2**

federal question (*id.* at 5-7). On October 30, Love submitted a Standard Form 95 tort claim with the Bureau of Indian Affairs Northwest Region (Dkt. 29, Attach. 2; Dkt. 29, Ex. A ¶ 5).

On January 13, 2026, the U.S. Attorney for the District of Idaho certified that Boyd was acting within the scope of his employment as an employee of the United States during the traffic stop and ensuing altercation (Dkt. 27, Attach. 1). The United States substituted itself for Boyd as the proper defendant for Love's claims of battery, conversion, and intentional infliction of emotional distress under the authority of the "Westfall Act," 28 U.S.C. § 2679(d) (Dkt. 27). Then, the United States filed a motion to dismiss for lack of jurisdiction, alleging that Love failed to exhaust his administrative remedies (Dkt. 29, Attach 1 at 4) and reiterating Boyd's motion to dismiss for insufficient service of process (*id.* at 5). The United States has also opposed Love's motion to remand, asserting that federal jurisdiction is now proper under § 2679(d) because the United States is a party to the suit (Dkt. 28 at 2).

Love has opposed the substitution as invalid, asserting that Boyd was acting under color of state law (Dkt. 32 at 2-3). For this reason, Love reiterates his motion to remand (Dkt. 34) and opposes the United States' motion to dismiss for lack of jurisdiction (Dkt. 32).

On October 1, 2025, the Kootenai County Defendants moved to dismiss for insufficient service of process (Dkt. 3). Love affirmed that, for all defendants, he attempted to effect service by delivery through certified mail (Dkt. 1, Attach. 4-9). Love's response to the Kootenai County Defendants' motion was due on October 22 (Dkt. 3). On October 24, Love moved for additional time to respond to the motion; submitted a response; and filed an affidavit of personal service (Dkts. 15, 16, 17). The affidavit indicated personal service of process on Torgerson, Morgenson (via his secretary) and Norris but unsuccessful attempts to serve Boyd (Dkt. 17). Neither the

**MEMORANDUM DECISION AND ORDER – 3**

affidavit nor Love's response to the Kootenai County Defendants' motion mentions the Clerk of the District Court for Kootenai County, Jennifer Locke (Dkts. 3, 17).

On November 4, 2025, Boyd also moved to dismiss Love's complaint for insufficient service of process (Dkt. 22). Love has neither responded to nor acknowledged Boyd's motion to dismiss. Since certifying Boyd's conduct as within the scope of federal employment on January 13, 2026, the United States has twice reiterated the complete lack of personal service on Boyd, as well as the United States (Dkt. 29; Dkt. 35). None of Love's responses to the United States' motion to dismiss address the issue of service of process on Boyd (Dkt. 32; Dkt. 34).

In addition to Love's Fourth Amendment claim, there are four claims for which federal jurisdiction has been asserted. Claims I and II for battery and conversion, which Love initially brought against Boyd (Dkt. 1, Attach. 2 at 4-5), and for whom the United States has substituted as the defendant (Dkt. 27, Ex. 1); claim III for unreasonable search and seizure against Boyd (Dkt. 1, Attach. 2 at 5), which the Kootenai County Defendants argue is to a federal question (Dkts. 1; 21); and claim VII for intentional infliction of emotional distress against Kootenai County and Boyd (Dkt. 1, Attach. 2 at 10), for whom the United States has substituted as the defendant (Dkt. 27, Attach. 1).

## II.   LEGAL STANDARD

### A.   Westfall Certification and Substitution

The Federal Employees Liability Reform and Tort Act of 1988, or "Westfall Act," *Westfall v. Erwin*, 484 U.S. 292 (1988), establishes and clarifies procedure concerning tort liability incurred in the performance of official duties on behalf of the federal government. 28 U.S.C. § 2679(d). Subsection (d)(2) provides:

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out

of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. **This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.**

28 U.S.C. § 2679(d)(2) (emphasis added).

This certification and substitution, however, is not automatic. The Supreme Court has noted that, while the statute emphasizes that certification shall be conclusive *for removal*, "§ 2679(d)(2) contains no such statement with regard to substitution." *De Martinez v. Lamagno*, 515 U.S. 417, 419 (1995). The Court found that "the statutory language is reasonably susceptible to divergent interpretations," *id.*, and chose to "adopt[] the reading that accords with the presumption favoring judicial review and the tradition of court review of scope certifications . . . ." *id.* (citation modified). The Court has therefore interpreted Westfall Act certification as being subject to judicial review.

The judicial review of *substitution* does not, however, entail judicial review of *certification for the purposes of removal.* The text of § 2679(d)(3) provides that:

> **In the event that the Attorney General has refused to certify** scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. . . . If, **in considering the petition,** the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3) (emphasis added). The Westfall Act does give district courts discretion to remand tort claims to State court when a court finds the conduct to be outside of the scope of employment *if the Attorney General has refused to certify.*

MEMORANDUM DECISION AND ORDER – 5

The Supreme Court has explained that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 241 (2007). As such, "when the Attorney General certifies scope of employment, his certificate 'conclusively establish[es] scope of office or employment *for purposes of removal.*'" *Id.* at 242 (quoting § 2679(d)). The Court acknowledges that a district court may "resubstitut[e] the federal official as defendant *for purposes of trial* if the court determines, post removal, that the Attorney General's scope-of-employment certification was incorrect." *Id.* "For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive." *Id.* The law is clear that, when a defendant has been certified as working within the scope of federal employment, the case is properly adjudicated in a federal forum, regardless of the Court's conclusion on the validity of the certification.

**B.      Service of Process**

Love filed this case in Idaho state court, and  the Idaho Rules of Civil Procedure are the relevant procedural rules for service of process. *See* Idaho R. Civ. P. 4(b)(2), 4(c), 4(d)(1), 4(d)(4)(B),(C), and 4(d)(5). If a plaintiff fails to serve process in accordance with these rules, a defendant may assert a motion to dismiss for insufficient service of process under Rule 12(b)(5).

Per Rule 4(d)(1), an individual may be served by the following methods:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone at least 18 years old who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

MEMORANDUM DECISION AND ORDER – 6

Idaho R. Civ. P. 4(d)(1). Under Idaho law, service of process by certified mail is not adequate. *See Anderton v. Avery Financial Services*, 2011 WL 4584979, 1, 6 (D. Idaho Aug. 23, 2011).

Importantly, under Rule 12(h)(1), the right to raise a defense of insufficient service of process under Rule 12(b)(5) is waived if it is not asserted "before filing a responsive pleading or filing any other motion, except a motion for an extension of time to answer or otherwise appear or a motion to disqualify a judge under Rule 40(a) or (b)." Idaho R. Civ. P. 12(h)(1). The Ninth Circuit and the Supreme Court have held that removal to federal court amounts to a special appearance and does not waive the right to assert a Rule 12(b)(5) defense.[1] It follows that this rule concerning notice of removal extends similarly to notice of consent to removal, and that noticing consent to removal does not amount to waiver of the right to raise a Rule 12(b)(5) defense.

## C.    Supplemental Jurisdiction

The doctrine of supplemental jurisdiction "allow[s] courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded on other grounds by statute*, § 1367, *as recognized in Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997). Section 1367 provides that, with certain exceptions, "the district courts shall have

---

[1]    *See Even v. Hebel*, No. 24-3726, 2025 WL 1409483, at *2 (9th Cir. May 15, 2025) ("The district court was correct in finding that under federal law, a party does not waive service of process objections by removing to federal court."); *General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 268-69 (1922) ("It is well settled that a petition for removal . . . does not amount to a general appearance, but only a special appearance, and that after the removal the party securing it has the same right to invoke the decision . . . on the validity of the prior service . . . .").

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a).

A district court may decline to exercise supplemental jurisdiction, however, where the court has dismissed all claims over which it has original jurisdiction. § 1367(c)(3).

### III.    ANALYSIS

**A.    Motion to Remand**

The initial dispute concerning federal jurisdiction centers on whether the unreasonable search and seizure claim (Dkt. 1, Attach. 2 at 5) is a claim under the Fourth Amendment to the United States Constitution which gives rise to a federal question. On its face, the complaint alleges a federal question. *See* 28 U.S.C. § 1331 (providing for federal question jurisdiction over actions arising under United States Constitution). Indeed, Love specifically alleges that "Boyd's actions constitute unreasonable searches and seizures in violation of *both* the Federal U.S. Constitution under Article IV, and the Idaho State Constitution pursuant to Article I, Section 17" (Dkt. 1 at 5, ll. 19-21).

Regardless, Love argues the claim was intended to be in specific reference to Article 1, Section 17 of the Idaho Constitution (Dkt. 9 at 5-7). As a general rule, the Ninth Circuit shows significant lenience in interpreting filings by pro se parties. *See, e.g.*, *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Even accepting Love's limitation on his unreasonable search and seizure claim as arising only under the Idaho Constitution, however, there is still federal question jurisdiction.

The United States' opposition to Love's motion to remand emphasized that federal jurisdiction is proper now that the United States is a party to the suit (Dkt. 28 at 2). Love has opposed this conclusion based on his view that Boyd was not acting within the scope of federal employment at the time, and therefore the certification is invalid (Dkt. 32; Dkt. 34). In accordance with *Osborn v. Haley*, the Court considers the question of whether Boyd was acting within the scope of federal employment to be irrelevant to the question of whether the certification itself requires removal: "For purposes of establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." *Osborn*, 549 U.S. at 242. The Court does not need to resolve the validity of the certification to find that the choice of the United States to certify Boyd's conduct (Dkt. 27 Attach. 1) is sufficient to establish federal jurisdiction.

Love should neither find this decision nor the United States' certification of Boyd's conduct surprising. Love filed a federal tort claim with the Bureau of Indian Affairs on October 30, 2025 (Dkt. 29, Attach. 2 and Ex. A), months before the United States filed the certification (Dkt. 27). Accordingly, the Court denies Love's motion to remand.

## B.    Kootenai County's Motion to Dismiss

On October 1, the Kootenai County Defendants filed a motion to dismiss for insufficient service of process (Dkt. 3). Prior to this motion, the Kootenai County Defendants' only substantive filing was a notice of removal (Dkt. 1). As the Kootenai County Defendants had not filed a responsive pleading or any other motion, they had not waived their right to file a Rule 12(b)(5) motion to dismiss. Idaho R. Civ. P. 12(h)(1). The Kootenai County Defendants argued that certified mail is not an adequate means of serving process, which is an accurate statement of Idaho law. *See Anderton*, 2011 WL 4584979, at *6.

MEMORANDUM DECISION AND ORDER – 9

Love opposes the motion. First, he argues that certified mail is adequate service of process under Idaho Code § 1-2304 and Idaho R. Civ. P. 4.1(c) (Dkt. 16 at 2). Section 1-2304 addresses service of process for Idaho's small claims department of the magistrate division. For that reason, it is inapplicable to Love's action filed in Idaho district court. Moreover, it provides for plaintiffs to request to *receive* service via certified mail, it does *not* allow plaintiffs to serve defendants with process via certified mail. Idaho Code § 1-2304. Similarly, the Idaho Rules of Civil Procedure do not contain a "Rule 4.1(c)." Idaho R. Civ. P. 4-4.1.

Second, Love argues that he personally served the Kootenai County Defendants after they filed their motion to dismiss (Dkt. 17). Love's affidavit of personal service indicates service on Torgerson, Mortenson, and Norris, but not Kootenai County (*id*.). The proper individual to receive service of process for Kootenai County is the Clerk of the District Court for Kootenai County, Jennifer Locke. Idaho R. Civ. P. 4(d)(4)(B); (Dkt. 3-2). There is no indication Love ever served Locke on behalf of Kootenai County.

While the Ninth Circuit shows significant lenience to pro se litigants in procedural matters, *see Bernhardt*, 339 F.3d at 925, the Court has already shown leniency regarding Love's obligation to personally serve process. Love's response to the Kootenai County Defendants' Rule 12(b)(5) motion was due on October 22 (Dkt. 3). Love moved for more time to respond on October 24 (Dkt. 15), which the Court granted on October 28 (Dkt. 20). On June 2, 2026, the Kootenai County Defendants noticed a partial withdrawal of their Rule 12(b)(5) motion to dismiss (Dkt. 36). The motion was withdrawn concerning Defendants Torgerson, Mortenson, and Norris (*id*.). The motion, however, reiterated that Love had to serve Locke on behalf of Kootenai County but had not (*id*.). Accordingly, the Court grants Kootenai County's motion to dismiss for insufficient

**MEMORANDUM DECISION AND ORDER – 10**

service of process. As Norris is a defendant in his official capacity only, granting Kootenai County's motion also dismisses all claims against Norris.

## C.   Boyd's Motion to Dismiss

On November 4, Boyd filed a motion to dismiss for insufficient service of process (Dkt. 22). Prior to this motion, Boyd's only substantive filing was a notice of consent to removal (Dkt. 5). As Boyd had not filed a responsive pleading or any other motion, he had not waived his right to file a Rule 12(b)(5) motion to dismiss. Idaho R. Civ. P. 12(h)(1).

Like the Kootenai County Defendants, Boyd argued that certified mail is not an adequate means of serving process (*id.*). Love specifically notes that Boyd was *not* personally served on October 20, when he served on Torgerson, Mortenson, and Norris (Dkt. 15 at 2). When Boyd filed his Rule 12(b)(5) motion on November 4, Love had still not served him by any means other than certified mail (Dkt. 22). Responses to Boyd's motion to dismiss for insufficient service of process were due on November 25 (Dkt. 22). Love, however, has never responded to Boyd's motion despite that the United States have twice reiterated that Boyd (and now the United States as well) have not received adequate service of process (Dkts. 29, 35). Accordingly, the Court grants Boyd's motion to dismiss for insufficient service of process.

## D.   Supplemental Jurisdiction

This Court's original jurisdiction in this case is based on two federal questions: (1) Love's assertion of a claim under the Fourth Amendment; and (2) Boyd's certification as a federal employee under the Westfall Act. Because the Court grants Boyd's motion to dismiss for insufficient service of process, both Love's unreasonable search or seizure claim under the Fourth Amendment and the claims against the United States, which substituted for Boyd, are dismissed.

MEMORANDUM DECISION AND ORDER – 11

Love's only remaining claims following the Court's ruling on the pending motions are his state law claims for prosecutorial misconduct, malicious prosecution, and abuse of legal process against Torgerson and Mortenson. Because the Court does not have original jurisdiction over any of the remaining claims, the Court elects to decline supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3).

## IV.    ORDER

**IT IS HEREBY ORDERED:**

1.      Plaintiff Zachary E. Love's Motion to Remand (Dkt. 9) is **DENIED**.

**2.**      Defendant Kootenai County's Motion to Dismiss under Rule 12(b)(5) (Dkt. 3) is **GRANTED.** Plaintiff's claims of prosecutorial misconduct, malicious prosecution, and intentional infliction of emotional distress are **DISMISSED WITHOUT PREJUDICE.** This dismissal applies to **DEFENDANT KOOTENAI COUNTY** and **DEFENDANT ROBERT NORRIS.**

3.      Defendant Josh Boyd's Motion to Dismiss under Rule 12(b)(5) (Dkt. 22) is **GRANTED.** Plaintiff's claims of battery, conversion, unreasonable search and seizure, and intentional infliction of emotional distress are **DISMISSED WITHOUT PREJUDICE.** This dismissal applies to **DEFENDANT BOYD** and **DEFENDANT THE UNITED STATES OF AMERICA.**

4.      Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims of prosecutorial misconduct, malicious prosecution, and abuse of legal process against Defendants Chelsey A. Torgerson and Stanley Mortenson. Accordingly, Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**. The period of limitations for Plaintiffs' state law claims is tolled for thirty days

MEMORANDUM DECISION AND ORDER – 12

after their dismissal under 28 U.S.C. § 1367(d), unless state law provides for a longer tolling period.

5.    Because the Court's Order applies to all Defendants, the Court denies the remaining pending motions as moot:

a.  Defendant the United States of America's Motion to Dismiss under 12(b)(1) (Dkt. 29) is **DENIED** as **MOOT.**

b.  Plaintiff Zachary E. Love's Motion to E-File (Dkt. 11) is **DENIED** as **MOOT.**

c.  Plaintiff Zachary E. Love's Motion to Rule on Plaintiff's Motion to E-File (Dkt. 33) is **DENIED** as **MOOT.**

d.  Plaintiff Zachary E. Love's Motion to Set Expedited Hearing on Plaintiff's Motion to Remand (Dkt. 34) is **DENIED** as **MOOT.**

DATED: June 26, 2026

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER – 13**